# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| Deboris Forte, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Medical Data Systems, Inc., a foreign corporation, | **JURY TRIAL DEMAND** |
| Defendant. | |

NOW COMES THE PLAINTIFF, DEBORIS FORTE, BY AND THROUGH COUNSEL, Matthew Landreau, and for her Complaint against the Defendant, pleads as follows:

## **JURISDICTION**

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

## **VENUE**

2. The transactions and occurrences which give rise to this action occurred in the City of Birmingham, Jefferson County, Alabama.

3. Venue is proper in the Northern District of Alabama, Southern Division.

## PARTIES

4. Plaintiff is a natural person residing in City of Birmingham, Jefferson County, Alabama.

5. The Defendant to this lawsuit is Medical Data Systems, Inc. ("MDS Inc.") is a foreign corporation that conducts business in the State of Alabama.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect three consumer type debts allegedly owed by Plaintiff to Grandview Medical Center. The first debt is in the amount of $295.00, the second debt is in the amount of $204.00, and the third debt is in the amount of $295.00 ("the alleged Debts").

7. Plaintiff disputes the alleged Debts.

8. On December 10, 2019, Plaintiff obtained her Equifax and Trans Union credit disclosures and noticed Defendant reporting the alleged Debts.

9. On or about February 7, 2020, Plaintiff sent Defendant a letter disputing the alleged Debts.

10. On February 9, 2020, T-Mobile, a prospective lender, obtained Plaintiff's Trans Union credit disclosure.

11. On April 21, 2020, Serra Toyota, another prospective lender, obtained Plaintiff's Equifax credit disclosure.

12. On April 21, 2020, Plaintiff obtained her Equifax and Trans Union credit disclosures, which showed that Defendant failed or refused to flag the account reflected by the alleged Debts as disputed, in violation of the FDCPA.

13. In the credit reporting industry, data furnishers, such as the Defendant, communicate electronically with the credit bureaus.

14. Defendant had more than ample time to instruct Experian, Equifax, and Trans Union to flag its trade line as Disputed.

15. Defendant's inaction to have its trade line on Plaintiff's credit reports flagged as disputed was either negligent or willful.

16. Plaintiff suffered pecuniary and emotional damages as a result of Defendant's actions. Her credit reports continues to be damaged due to the Defendant's failure to properly report the associated trade line.

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

17. Plaintiff reincorporates the preceding allegations by reference.

18. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

19. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

20. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

21. Defendant's foregoing acts in attempting to collect these alleged debts violated 15 U.S.C. §1692e(8) by communicating to any person credit information, which is known to be false or should be known to be false, including failure to report a disputed debts as disputed.

22. To date, and a direct and proximate cause of the Defendant's failure to honor its statutory obligations under the FDCPA, the Plaintiff has continued to suffer from a degraded credit report and credit score.

23. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

### DEMAND FOR JUDGMENT RELIEF

Accordingly, Plaintiff requests that the Court grant her the following relief against the Defendant:

a. Actual damages;

b. Statutory damages;

c. Statutory costs and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: May 27, 2020

By: */s/ Matthew Landreau*
Matthew Landreau
Bar Number 4710-A22L
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840
E-Mail: matt@crlam.com
*Attorneys for Plaintiff,
Deboris Forte*